JACQUELINE MILLER, Individually,
and as shareholder of Nominal Defendant,
Feldman Brothers, Inc.
7 Hunter Road
North Haledon, New Jersey 07508

    Plaintiff,

v.

DAVID F. MILLER, and
1204 Woodland Road
Salisbury Maryland 21801,

and

FELDMAN BROTHERS, INC.,

SERVE: DAVID F. MILLER, Resident Agent
       150 West Market Street
       Salisbury, Maryland 21801,

    Defendants.

IN THE

CIRCUIT COURT

FOR

WICOMICO COUNTY

AMD 08 CV 2459

Case No. _____

## COMPLAINT

Plaintiff, Jacqueline Miller, individually, and as a shareholder of and on behalf Feldman Brothers Inc., a Maryland corporation ("Feldman Brothers"), through her undersigned counsel, sues Defendants David F. Miller and Feldman Brothers, and in support therefore, states as follows.

1. Plaintiff, Jacqueline A. Miller ("Mrs. Miller") is a resident New Jersey, and at all times relevant to the events set forth herein, is and was a shareholder of Feldman Brothers.

2. Upon information and belief, Defendant, David F. Miller ("David Miller") is a resident of Wicomico County, Maryland and at all times relevant hereto is and was an employee, officer, director, and shareholder of Feldman Brothers.

1

3. Upon information and belief, Defendant Feldman Brothers is a Maryland corporation and, at all times relevant hereto, had its principle offices located at 150 Market Street, Salisbury, Maryland 21801, was in the business of selling furniture and regularly carried on business in Wicomico County, Maryland.

## FACTS COMMON TO ALL COUNTS

4. Feldman Brothers was incorporated in 1929.

5. David Miller eventually took over the management of Feldman Brothers.

6. Upon information and belief, Mrs. Miller's ownership interest in Feldman Brothers is approximately forty percent (40%).

7. Upon information and belief, under the leadership of David Miller, the business of Feldman Brothers decreased and diminished while the corporate debt grew significantly.

8. Upon information and belief, the only assets remaining of the corporation are two properties located in Salisbury, Maryland 21801.

9. Upon information and belief, the properties secure loans from the Bank of Delmarva.

10. Upon information and belief, the loans are to David Miller.

11. Upon information and belief, David Miller and/or Defendant Feldman Brothers are in default of its obligations to repay the loans secured by the properties.

12. Upon information and belief, David Miller has been taking funds out of Feldman Brothers for his own benefit, notwithstanding that the loans are in default.

13. Upon information and belief, there have been no annual directors meetings since the mid 1980s.

14. Upon information and belief, there had been no annual shareholder meetings held

since the mid 1980s.

15. In April 2008, Mrs. Miller requested that David Miller advise her when the corporation intended to hold its annual meeting of shareholders. David Miller has failed to respond to Mrs. Miller's inquiry.

16. In April 2008, Mrs. Miller requested a special meeting of shareholders to be held to discuss: (i) status of the filing of tax returns, (ii) assets of the Company, (iii) liabilities of the Company, (iv) status of the Company's compliance with its loan agreements with its Banks; (v) income and expenses of the Company, (v) liens on any of the Company's assets, and (vi) any and all payments made to any person who is a shareholder of the Company over the last three years.

17. David Miller has failed to respond to Mrs. Miller's request.

18. Upon information and belief, Feldman Brothers has not filed tax returns for at least the last four years.

19. In April, Mrs. Miller demanded her right of inspection pursuant to Annotated Code of Maryland, Corporations and Associations Article.

20. In April, Mrs. Miller demanded a statement of the corporation's affairs.

21. David Miller has failed to respond to either request.

22. Any further demands upon David Miller to correct his tortuous acts would be futile and not reasonably expected to bring about David Miller's good faith dealings with Feldman Brothers and Mrs. Miller.

3

## COUNT I
## SHAREHOLDERS DERIVATE ACTION
(Conversion)

23. Mrs. Miller, individually and as a shareholder of Feldman Brothers, incorporates each of the preceding paragraphs as if fully set forth herein.

24. David Miller, as a director, officer, and principal shareholder has for a substantial period of time willfully and intentionally, and without the authorization of Feldman Brothers, converted and misappropriated the assets of Feldman Brothers

25. David Miller owes a duty to Feldman Brothers Feldman Brothers as an officer, director, and principal shareholder.

26. David Miller has breached this duty by converting and misappropriating assets of Feldman Brothers.

27. David Miller's acts are unlawful, intentional, wanton, without legal justification or excuse and done with evil and malicious motive, with the purpose of injuring and causing financial loss to Feldman Brothers.

28. As a direct and proximate result of David Miller's actions, Feldman Brothers has suffered and will continue to suffer substantial financial loss and damages including, but not limited to, any and all assets converted by David Miller as a result of his tortious acts.

WHEREFORE, Plaintiff, Mrs. Miller, individually and on behalf of Nominal Defendant, Feldman Brothers, Inc., demands judgment in favor of Mrs. Miller and Feldman Brothers., Inc., against David Miller in the amount of at least One Hundred Thousand Dollars ($100,000.00) compensatory damages, the exact amount to be determined at trial, and One Hundred Thousand Dollars ($100,000.00) punitive damages, prejudgment interest. interest. attorney's fees, suit monies, and costs.

4

## COUNT II
### SHAREHOLDERS DERIVATE ACTION
(Breach Of Fiduciary Duties)

29. Mrs. Miller, individually and as a shareholder of Feldman Brothers, incorporates each of the preceding paragraphs as if fully set forth herein.

30. As an officer, director, and principal shareholder of Feldman Brothers, David Miller is required to perform and exercise his duties in good faith and with loyalty, in a manner which David Miller reasonably believed to be in the best interest and benefit of Feldman Brothers and with the care that ordinary, prudent people in like positions would use under similar circumstances, without any self-interest or self-dealing.

31. David Miller breached his fiduciary duty owed to Feldman Brothers and to Mrs. Miller by his intentional, malicious and fraudulent actions, including but not limited to: converting assets of Feldman Brothers to his own use; failing to file tax returns; failing to pay loans secured by Feldman Brothers; and failing to conduct annual meetings of shareholders and directors.

32. David Miller's aforesaid actions were not in good faith, in the best interest of the corporation nor were taken with the care that ordinarily prudent people in like positions would use under similar circumstances.

33. As a direct and proximate result of David Miller's breaches of his fiduciary duties owed Feldman Brothers, Feldman Brothers has suffered substantial financial loss and damages.

WHEREFORE, Mrs. Miller, individually and on behalf of Nominal Defendant, Feldman Brothers, Inc., demands judgment in favor of Jacqueline A. Miller and Feldman Brothers., Inc., against David Miller in the amount of at least One Hundred Thousand

Dollars ($100,000.00) compensatory damages, the exact amount to be determined at trial, and One Hundred Thousand Dollars ($100,000.00) in punitive damages, prejudgment interest, interest, attorney's fees, suit monies, and costs.

### COUNT III
### SHAREHOLDERS DERIVATE ACTION
(Accounting)

34. Mrs. Miller, individually and as a shareholder of Feldman Brothers, incorporates each of the preceding paragraphs as if fully set forth herein.

35. Upon information and belief, David Miller, as an officer and director of Feldman Brothers, has converted funds and assets of Feldman Brothers to his own use.

36. David Miller, as an officer and director, was under a legal duty to account to Feldman Brothers and Mrs. Miller, upon request, for said funds and assets.

37. Demand has been made upon David Miller to account to Feldman Brothers for its financial transactions and he has, without reason or justification, failed to make any accounting.

WHEREFORE, Mrs. Miller, individually and, for the use and benefit of Nominal Defendant, Feldman Brothers Inc., requests that this Court enter an order directing David Miller to fully and completely account to Mrs. Miller and Feldman Brothers, Inc., for all sums which were paid to David Miller and that judgment be rendered against David Miller, in the sums found to be due by to Mrs. Miller, individually, and for the use and benefit of Feldman Brothers, Inc., on such accounting, with prejudgment interest, interest, attorney's fees, suit monies and costs thereupon.

## COUNT IV
### (Constructive Fraud)

38. Mrs. Miller incorporates each of the preceding paragraphs as if fully set forth herein.

39. By virtue of his position as an officers and/or director of Feldman Brothers, David Miller owed fiduciary duties to Mrs. Miller, as shareholder.

40. Mrs. Miller reposed trust and confidence in David Miller, who had control and influence over all aspects of Feldman Brothers.

41. David Miller owed the duty to properly manage Feldman Brothers and not to convert assets to his own personal use.

42. David Miller, intentionally, with malice, and/or reckless disregard for Mrs. Miller's rights as a shareholder, breached his fiduciary duties to Mrs. Miller, by poorly managing the business operations of Feldman Brothers and converting its assets for his own personal use.

43. As a direct and proximate result of their actions, Mrs. Miller suffered damages.

WHEREFORE, Mrs. Miller, individually, and as shareholder, demands judgment against David Miller, in the amount of at least One Hundred Thousand Dollars ($100,000.00) compensatory damages, the exact amount to be determined at trial, and One Hundred Thousand Dollars ($100,000.00) punitive damages, prejudgment interest, interest, attorney's fees, suit monies, and costs.

## COUNT V
### (Declaratory Judgment)

44. Mrs. Miller incorporates each of the preceding paragraphs as if fully set forth herein.

45. Upon information and belief, Mrs. Miller is the owner of approximately 40% of the stock of Feldman Brothers.

7

46. David Miller refuses to recognize or acknowledge Mrs. Miller's ownership interest, asserting that she owns less than 1/3 of the stock of Feldman Brothers.

WHEREFORE, Mrs. Miller request that declare that Mrs. Miller is the owner of at least 40% of the stock of the corporation, or such amount as is determined at trial, attorney's fees and the costs of this suit.

## COUNT VI
### (Mandamus)

47. Mrs. Miller incorporates each of the preceding paragraphs as if fully set forth herein.

48. As a shareholder of Feldman Brothers, Mrs. Miller is entitled to attend the annual meeting of Feldman Brothers and vote for directors.

49. Feldman Brothers has not held an annual meeting for many years.

50. As an owner of more than 25% of the shares of Feldman Brothers, Mrs. Miller has the right to request a special meeting of directors.

51. Mrs. Miller has properly requested a special meeting of directors, which request has been ignored.

52. As an owner of more than 25% of the shares of Feldman Brothers, Mrs. Miller has the right to a statement of the affairs of Feldman Brothers.

53. Mrs. Miller has requested a statement of affairs of Feldman Brothers, which request has been ignored.

54. As a shareholder of more than 25% of the shares of Feldman Brothers, Mrs. Miller has a right to inspect and copy during usual business hours the corporation's books of account and its stock ledger.

55. Mrs. Miller has requested the right to inspect the books of account, which request has been ignored.

WHEREFORE, Mrs. Miller requests that this Court enter an order:

a) directing David Miller and Feldman Brothers to call an annual shareholders meeting;

b) directing David Miller and Feldman Brothers at such meeting to address the issues raised by Mrs. Miller in her request for a special meeting of shareholders;

c) directing David Miller and Feldman Brothers to provide Mrs. Miller with reasonable access to the books and records of Feldman Brothers;

d) directing David Miller and Feldman Brothers to issue a statement of the affairs of Feldman Brothers; and

e) awarding Mrs. Miller attorney's fees and the costs of this suit.

Thomas O'Toole
Baroody & O'Toole
201 North Charles Street
Suite 2102
Baltimore, Maryland 21201
(410) 539-8413
Attorneys for Plaintiff